USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

FELLOWSHIP WAREHOUSING & LOGISTICS LLC, et al.,

Movants,

-v-

FREIGHT INNOVATION LLC,

Respondents.

--------------------------------------------------------------------X

26-mc-00323 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Fellowship Warehousing & Logistics LLC, Milliard Enterprises LLC d/b/a Millard Brands, Lakewood Candies LLC, Foamtex LLC, Chaim Gross and Shani Gross ("Movants") move this Court, pursuant to Federal Rule of Civil Procedure 45, to quash or, in the alternative, to modify a subpoena issued by Respondent Freight Innovation LLC ("Respondent") addressed to First Commerce Bank (the "Subpoena"). Dkt. No. 1. The subpoena was issued by the United States District Court for the Eastern District of Pennsylvania in *Freight Innovation LLC v. Fellowship Warehousing & Logistics LLC*, No. 2:25-cv-02559-CFK-LAS. By order of July 7, 2026, the Court directed the parties to show cause by July 13, 2026, why the Court should not transfer this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to Federal Rule of Civil Procedure 45(f). Dkt. No. 7. The Court directed that the order be served on First Commerce Bank. *Id.* Movants and Respondent do not object to the transfer. Dkt. Nos. 8–9. First Commerce Bank has not responded. The Court transfers this matter to the United States District Court for the Eastern District of Pennsylvania.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The advisory committee's 2013 note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" but that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable). Courts in this District have "transferred similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (internal quotation marks, citations, and alterations omitted); *see Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc.*, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023).

Exceptional circumstances exist to support transfer of this matter and there is no opposition to transfer. Movants argue that the Subpoena should be quashed because it was served after the close of fact discovery and without leave of court. Dkt. No. 1-1 at 2. They also argue that the Subpoena is overbroad. *Id.* Respondent argues that the Subpoena is timely

because the Pennsylvania court adjourned all pretrial deadlines, including the fact discovery cutoff and that Movants lack standing to contest the breadth of the Subpoena. Dkt. No. 5 at 2–3. The district court presiding over this case and which has entered the relevant scheduling orders is best positioned to interpret those orders. Any order that this Court issues, if it interprets the Pennsylvania court's orders mistakenly, would interfere with that court's management of this case. *See Hayden Ai Techs. Inc. v. Fleetmind Seon Sols., Inc.*, 2026 WL 1283620, at *2 (S.D.N.Y. May 11, 2026); *Hilb Grp.*, 2023 WL 5183690, at *1. That court too is best positioned to evaluate the issues of breadth and standing. This matter was filed in this Court only because First Commerce Bank is located here, but First Commerce Bank has not objected to transfer.

The Clerk of Court accordingly is respectfully directed to transfer this matter to the United States District Court for the Eastern District of Pennsylvania, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: July 15, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge